COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YANCY T. BUCK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAKEVIEW MEDIATION SOLUTIONS, LLC, a California Limited Liability Company,<br><br>Defendant. | Case Number<br>2:20-cv-00189-GMN-BNW |

## EX PARTE MOTION TO EXTEND TIME FOR SERVICE
### (First Request)

Plaintiff, Yancy T. Buck, by and through counsel, Cogburn Law, moves this Court for an order extending the time to serve the Summons and Complaint upon Defendant, Lakeview Mediation Solutions, LLC, in accordance with Fed. R. Civ. P. 4 et seq. and LR 6-1.

. . .

. . .

. . .

. . .

# DECLARATION OF ERIK W. FOX, ESQ.

I, Erik W. Fox, Esq., being first duly sworn, deposes and says:

1. I am an attorney with Cogburn Law, counsel for Plaintiff in this action. I am one of the attorneys responsible for the day to day handling of this matter.

2. I make this declaration in support of the instant motion and make it on my personal knowledge, except as to those matters stated on information and belief and, as to those matters, I believe them to be true.

3. Plaintiff's Complaint was filed against Defendant Lakeview Mediation Solutions, LLC on January 28, 2020.

4. Plaintiff has attempted to effectuate service since January 28, 2020.

5. Upon information and belief, Defendant Lakeview Mediation Solutions, LLC ("Defendant") last maintained offices located at 5186 Benito Street, Unit 74, Montclair, CA 91763, and 9161 Sierra Avenue, Fontana, CA 92335. *See* (1) Defendant's Offer of Settlement to Plaintiff, and (2) printout from BBB.org. *See* Exhibit 1 to Plaintiff's Ex Parte Motion for Service by Publication (ECF. No. 5).

6. Plaintiff first attempted service by waiver as allowed by Fed. R. Civ. P. 4(d)(1). *See* Exhibit 2 to Plaintiff's Ex Parte Motion for Service by Publication (ECF. No. 5).

7. The Waiver Letters were not returned as "undeliverable" or otherwise, and the deadline for Defendant to return an executed waiver expired on February 27, 2020.

8. Plaintiff next attempted service by process, but Defendant could not be served despite diligent efforts. *See* Exhibit 3 to Plaintiff's Ex Parte Motion for Service by Publication (ECF. No. 5).

9. Plaintiff is unaware of any other address at which Defendant can be found.

10. Plaintiff's Ex Parte Motion for Service by Publication (ECF. No. 5) is currently pending before this Court. Out of an abundance of caution, Plaintiff hereby requests an Order granting an additional 90 days to effectuate service of process upon Defendant, Lakeview Mediation Solutions, LLC

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th day of March, 2020.

COGBURN LAW

By:    */s/Erik W. Fox*
      Erik W. Fox, Esq.
      Nevada Bar No. 8804

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PROCEDURAL HISTORY**

This matter involves allegations under the FDCPA that Defendant, Lakeview Mediation Solutions, LLC ("Defendant"), violated the FDCPA by taking action not legally entitled to take where Defendant pretended to be associated with government authority when no such authority existed. Upon information and belief, Lakeview Mediation Solutions, LLC deliberately shields its location to prevent Consumers from exercising their FDCPA rights.

On March 18, 2020, Plaintiff filed an Ex Parte Motion for Service by Publication (ECF No. 5), which describes Plaintiff's attempts taken to date to serve the Summons and Complaint upon Defendant, Lakeview Mediation Solutions, LLC. As of the filing of this instant Motion, Plaintiff's Ex Parte Motion for Service by Publication is still pending before this court. The deadline to serve the Complaint and Summons is April 27, 2020. If this Court grants Plaintiff's Ex Parte Motion for Service by Publication, service shall be deemed complete four (4) weeks from the later of (i) the date of first publication, or (ii) the mailing of the summons and complaint. As

such, Plaintiff respectfully requests this Court grant an additional 90 days to effectuate service of process upon Defendant, Lakeview Mediation Solutions, LLC.

II. **LEGAL ARGUMENT**

Fed. R. Civ. P. 4(m) permits the Court to extend the time for service of process beyond the 90-day limit when good cause is shown. Here, Plaintiff has attempted to serve Defendant by waiver sent to two of Defendant's last known addresses and by personal service of process at those same addresses. Despite Plaintiff's efforts to effectuate service, the attempts have been ineffective because Defendant apparently no longer conducts business or is no longer associated with the two last known addresses. Plaintiff has been unable, through diligent efforts, to locate an alternate address for which to effectuate service. Plaintiff has a pending motion before this Court requesting an order granting service by publication. Given that the 90-day period to serve expires on April 27, 2020, Plaintiff, out of an abundance of caution, respectfully requests this Court grant an additional 90 days to effectuate service of process on Defendant.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## III. CONCLUSION

Based on the foregoing, Plaintiff requests this Court enter an Order enlarging time to serve Defendant by 90 days and allow service by publication.[1]

Dated this 27th day of March, 2020.

COGBURN LAW

By: ___/s/Erik W. Fox___
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*

## ORDER

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE

3/30/2020
DATED

---

[1] Plaintiff previously submitted a proposed Order granting service by publication. *See* ECF. No. 5-1.