# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yancy T. Buck,<br><br>      Plaintiff,<br><br>v.<br><br>Lakeview Mediation Solutions, LLC,<br><br>      Defendant. | Case No.: 2:20-cv-00189-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 18. No response has been filed. For the reasons discussed below, the Court recommends that Plaintiff's motion be granted.

**I. Plaintiff seeks default judgment against Defendant for its violation of the Fair Debt Collection Practices Act and failure to defend.**

Plaintiff filed a complaint alleging that Defendant, a debt collection agency, violated 15 U.S.C. § 1692 (Fair Debt Collection Practices Act or "FDCPA"). ECF No. 1 at 3. Specifically, Plaintiff alleged that Defendant: (1) violated § 1692f(1) when it attempted to collect unvalidated debt (debt without an express, authorized agreement), and (2) violated § 1692g(b) when it continued collection activity after Plaintiff disputed the debt and served Defendant a debt validation notice. *Id.*

This claim originated when Plaintiff obtained a short-term loan with "Check Into Cash." *Id.* at 2. This first debt collection agency told Plaintiff that they would not pursue his[1] debt because it was being waived due to the small collection amount. *Id.* Months later, Plaintiff

---

[1] ECF No. 20 refers to Plaintiff as "Mr. Buck," however, ECF No. 14 refers to Plaintiff as "she." The Court will follow Plaintiff's most recent motion.

alleges he began receiving "rude and abusive communications" from Defendant, a debt collection agency that had apparently taken over Plaintiff's debt. *Id.* at 3. Plaintiff states that Defendant "aggressive[ly]" attempted to force Plaintiff into an agreement without sending him proper validation of the debt. *Id.* Plaintiff alleges that Defendant was aware the balance had been waived when it attempted to collect the debt. *Id.* Plaintiff states these communications continued after Plaintiff served Defendant with a debt validation notice. ECF No. 18 at 6.

After several unsuccessful service attempts, Plaintiff properly served Defendant by publication. *See* ECF No. 14. (stating that Plaintiff properly served Defendant). Defendant has not responded to Plaintiff's complaint. Accordingly, the clerk entered default based on Defendant's failure to defend. ECF No. 16. Plaintiff then moved for default judgment. ECF No 18.

**II.    This Court recommends that Plaintiff's motion for default judgment be granted.**

   **a. Legal Standard**

Under Federal Rule of Civil Procedure 55(b)(2), the court may enter default judgment if the clerk previously entered default based on the defendant's failure to defend. After entry of default, the factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Whether to grant a default judgment lies within the court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Part of that discretion includes ensuring that the court has proper jurisdiction over the absent defendant. *Penn Eng'g & Mfg. Corp. v. Dongguan Zhengmao Precision Hardware Factory*, No. 218CV02079GMNEJY, 2021 WL 624608, at *1 (D. Nev. Jan. 8, 2021). The Ninth Circuit instructs: "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Once

jurisdiction is established, courts consider seven factors to decide whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

Here, the Court will first address whether subject matter and personal jurisdiction exist in this case. Second, this Court will analyze each of the *Eitel* factors to determine whether a default judgment is proper. Lastly, this Court will examine whether Plaintiff's requested relief is appropriate.

**b. This Court has jurisdiction over the subject matter and parties.**

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically U.S.C. § 1692k(d). *See* ECF No. 1 at 2. Furthermore, venue is proper per 28 U.S.C. § 1391(b). *Id*.

To establish personal jurisdiction over a defendant, courts must first determine if such jurisdiction is permitted under the state's long-arm statute and does not violate the Due Process Clause of the Fourteenth Amendment. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006). Nevada's long-arm statute is co-extensive with the Due Process Clause of the Fourteenth Amendment. *Certain-Teed Prod. Corp. v. Second Jud. Dist. Ct.*, 87 Nev. 18, 479 P.2d 781 (1971). The Due Process Clause is satisfied when a non-resident defendant has (1) minimum contacts with the forum state, and (2) the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). As discussed below, this Court has personal jurisdiction over Defendant.

**1. Prong one is met because Defendant has minimum contacts with Nevada.**

Here, this Court analyzes specific jurisdiction and applies the Ninth Circuit's three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource, Inc. v. AcademyOne*, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011). Prongs one and two are evaluated directly below. Prong three is identical to the second prong of the *International Shoe* test and will be analyzed in subsection two.

Defendant's actions satisfy prong one (defendant purposefully directs his activities at the forum or purposefully avails himself of the forum). Defendant purposefully directed[2] his actions at Nevada when it allegedly harassed Plaintiff, a Nevada resident, through numerous calls and intentionally called Plaintiff in Nevada about a non-validated debt. ECF No. 1 at 2–3. Because this Court must take Plaintiff's statements as true, it finds Defendant's acts meet prong one. *See TeleVideo Sys.,* 826 F.2d at 917–18.

Defendant's actions also satisfy prong two (the claim arises out of or relates to the defendant's forum-related activities). According to Plaintiff, Defendant engaged in "abusive conduct" and "aggressive collection tactics" through phone calls to Plaintiff, who, at all times, remained a resident of Nevada. ECF No. 1 at 3; ECF No. 20 at 1 (confirming that Plaintiff resided in Nevada throughout Defendant's collection activity). Thus, Plaintiff's FDCPA claim arises out of Defendant's phone calls to a Nevada resident.

Prong three (traditional notions of fair play and substantial justice) is discussed below.

---

[2] The Ninth Circuit applies either a purposeful direction or purposeful availment test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004). This Court has previously applied the purposefully directs test to FDCPA claims, which is the type of claim present here. *See Couvillier v. Dillingham & Assocs.*, No. 2:14-CV-00482-RCJ, 2014 WL 3666694, at *3 (D. Nev. July 23, 2014).

### 2. Prong two is met because Plaintiff's suit does not offend traditional notions of fair play and substantial justice.

In determining whether the suit comports with traditional notions of fair play and substantial justice, this Court considers a seven-factor balancing test.

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Couvillier v. Dillingham & Assocs.*, No. 2:14-CV-00482-RCJ, 2014 WL 3666694, at *2–3 (D. Nev. July 23, 2014) (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 107, 1112 (9th Cir. 2004)).

Because Defendant failed to defend itself in this case, the Court has limited information regarding these factors. Nonetheless, this Court finds that Plaintiff's suit does not offend traditional notions of fair play and substantial justice. The only factor that does not weigh in Plaintiff's favor is the existence of California as an alternative forum (factor seven). *See* ECF No. 1 at 2 (noting that Defendant is a foreign entity licensed in California).

Regarding the other factors, Plaintiff has shown that Defendant purposefully directed its actions at Nevada, Defendant has a small burden defending itself in Nevada because it is authorized to do business here, and nothing in the record suggests that litigating this case in Nevada would create a conflict with California's sovereignty. *See* ECF No. 1 at 2; *see CE Distrib.*, 380 F.3d at 1112 ("Nothing in the record indicates that litigation of this matter in Arizona would create a conflict with the sovereignty of the State of New York."). Furthermore, Nevada has an interest in adjudicating this suit because it involves a Nevada resident, and it would be inefficient and inconvenient to make Plaintiff re-litigate this case in another forum, where he is not a resident. *See* ECF No. 1 at 2–3. Accordingly, this suit does not offend traditional notions of fair play and substantial justice, and the Court has personal jurisdiction over Defendant.

### c. The *Eitel* factors weigh in favor of entering a default judgment.

Here, the Court has discretion to enter a default judgment, as the clerk previously entered default based on Defendant's failure to defend. *See* ECF No. 16. Accordingly, the Court considers the seven *Eitel* factors to determine if entering a default judgment is appropriate in this case. In evaluating the factors, the Court takes Plaintiff's allegations, excluding damages, as true. *See TeleVideo Sys.,* 826 F.2d at 917–18.

*First*, the Court considers the possibility of prejudice to Plaintiff. Plaintiff would be prejudiced if he had to try this case rather than obtain a default judgment, as trial would require additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the complaint alleged sufficient facts to demonstrate Defendant's unlawful conduct, and those allegations are uncontested. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV01014-JAD, 2014 WL 6065815, at *2 (D. Nev. Nov. 10, 2014) ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment."). Accordingly, the first factor cuts in favor of entering a default judgment.

*Second*, the Court considers the merits of Plaintiff's substantive claim. Plaintiff filed a detailed complaint describing Defendant's unlawful conduct. ECF No. 1; ECF No. 18. 15 U.S.C. § 1692f(1) expressly states that a debt collector may not collect any amount of debt, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Based on Plaintiff's allegations, Defendant violated § 1692f(1) when it attempted to collect Plaintiff's debt because it knew the debt was waived, and thus, that the debt amount was not authorized. *See* ECF No. 1 at 3.

Additionally, § 1692g states that collection activities and communication may continue, "unless the consumer has notified the debt collector in writing that the debt . . . is disputed." 15 U.S.C. § 1692g(b). Again, based on Plaintiff's allegations, Defendant violated this statute when it continued calling Plaintiff after he served Defendant a debt validation notice. ECF No. 18 at 6.

These allegations are uncontested and are now deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). This factor cuts in favor of entering a default judgment.

*Third*, the Court considers the sufficiency of the complaint. As demonstrated above, the complaint is detailed. It sufficiently sets forth Plaintiff's FDCPA claims under the liberal pleading standard of Federal Rule of Civil Procedure 8. *See* ECF No. 1. This factor cuts in favor of entering a default judgment.

*Fourth,* the Court considers the sum of money at stake in the action. The court "'must consider the amount of money at stake in relation to the seriousness of Defendant's conduct.' If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo, Inc. v. California Security Cans,* 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002)). Here, Plaintiff requests $7,989.32 between statutory damages, attorneys' fees, and costs. ECF No. 18 at 5. Relatively speaking, this is a small sum of money. As discussed in more detail in subsection III(D), the Court finds this amount proportionate to Defendant's FDCPA violations. Accordingly, this factor cuts in favor of entering a default judgment.

*Fifth,* the Court considers the possibility of a dispute concerning material facts. Currently, there is no dispute over any material facts. And given Defendant's failure to participate in this case, a dispute over any material facts is unlikely. This factor cuts in favor of entering a default judgment.

*Sixth,* the Court considers whether the default was due to excusable neglect. There is no evidence that Defendant's default is due to excusable neglect. Although Plaintiff had difficulty with service, it successfully served Defendant on May 14, 2020. ECF No. 18 at 7. Importantly, Plaintiff struggled serving Defendant because the addresses contained in Defendant's correspondence, on its website, and on its Better Business Bureau profile all proved to be dead ends. *Id.* at 9. Furthermore, Defendant failed to respond for more than a year. *Id.* at 7. This factor cuts in favor of entering default judgment.

*Seventh,* the Court considers the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. However, the Federal Rules also frequently permit termination of cases before the court reaches the merits. As Rule 55 indicates, one such instance is when a party fails to defend against an action. Thus, the preference to decide cases on the merits does not preclude a court from entering a default judgment. *Kloepping v. Fireman's Fund, No. C 94-2684 T*EH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). While cases should be decided on the merits when possible, given Defendant's failure to participate in this case, a decision on the merits is "impractical, if not impossible." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.). Accordingly, this factor cuts in favor of granting a default judgment.

Considering all the *Eitel* factors, the Court finds, in its discretion, that entering a default judgment in this case is appropriate.

### III. This Court recommends that Plaintiff's requested relief be granted, excluding interest.

As previously noted, Plaintiff seeks statutory damages, attorneys' fees, and costs. ECF No. 18 at 5. The Court separately analyzes the requested damages, fees, and costs below.

#### a. This Court recommends that Plaintiff's statutory damages request be granted in the amount of $1,000.

Plaintiff requests statutory damages of $1,000 under 15 U.S.C. § 1692k. ECF No. 18 at 3. The statute provides that any debt collector who violates the FDCPA in the case of any action by an individual is liable for "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The statute further instructs courts to evaluate the following list of non-exhaustive factors when determining the amount of liability under (a)(2)(A): "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Here, it is unclear from Plaintiff's allegations how many times Defendant contacted Plaintiff. *See* ECF No. 18 at 2–3; *see* ECF No. 1 at 3 ("Lakeview has and continues to collect an unlawful amount."). But the nature of Defendant's intentional noncompliance is clear. According to Plaintiff's declaration, Defendant harassed Plaintiff while knowing that the debt was not valid, threatened to sue Plaintiff, and continued to pursue the debt after Plaintiff sent a debt validation notice. ECF No. 18 at 2–3. This Court, in a similar case, previously granted the statutory cap of $1,000 when a defendant "attempted to collect an amount not authorized by the agreement." *Eckenrode v. Rubin & Yates, LLC*, No. 2:13-CV-00317-GMN, 2014 WL 4092266, at *4 (D. Nev. July 28, 2014). Therefore, an award of the statutory cap ($1,000) is warranted.

### a. This Court recommends that Plaintiff's attorneys' fees request be granted in the amount of $4,545.

Per § 1692k, a defendant is also liable to a plaintiff for "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(3). This aligns with the general rule that a court should only award attorneys' fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar method is the customary method the court uses when determining attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the court may adjust the lodestar amount based on the *Kerr* factors[3] to account for facts that have not been subsumed in the lodestar calculation. *Id.*

---

[3] The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

Here, Plaintiff's attorneys seek $4,545 in fees, and the Court finds that this is a reasonable request. *See* ECF No. 18 at 4. Although Plaintiff does not cite to the lodestar method or *Kerr* factors, it provides the necessary information ($450/hour rate, 10.1 hours spent on the case, and the attorney's seventeen years of experience) to determine if the requested fees are reasonable. *See id.* at 3–4. The amount is reasonable and need not be adjusted based on the *Kerr* factors.

### b. This Court recommends that Plaintiff's costs request be granted in the amount of $2,430.90.

Per § 1692k(a)(3), a defendant is also liable to a plaintiff for "the costs of the action." Plaintiff requests $2,444.32 in costs, and Plaintiff's attorney provided a bill of the costs in his declaration. ECF No. 18 at 4. Though this bill is relatively high, most of Plaintiff's costs come from publication by service. *Id.* As discussed in more detail below, this Court subtracts the requested interest ($13.42) from this bill because Plaintiff failed to explain how it arrived at this interest amount. *See id.* Accordingly, the Court will recommend that Plaintiff be awarded the requested costs minus interest.

### c. This Court recommends that prejudgment interest not be awarded.

The decision to award prejudgment interest is within a court's discretion when deciding federal questions over which it has jurisdiction. *In re Nw. Territorial Mint, LLC*, 591 B.R. 852, 874 (Bankr. W.D. Wash. 2018) (citing *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971)). Here, Plaintiff requests interest on the total requested relief "at the legal rate." ECF No. 18 at 10. Yet the requested relief already includes $13.42 in interest for Plaintiff's costs. *Id.* at 4. Additionally, Plaintiff does not explain how it arrived at this amount, how much interest it is requesting for attorneys' fees and statutory damages, and what relevant legal standards regarding

---

'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These are the same factors required by LR 54-14 for motions for attorneys' fees. *See* LR 54-14(a)(3).

prejudgment interest apply. For these reasons, the Court finds Plaintiff has not carried its burden to show if and how much prejudgment interest should be awarded. Accordingly, the Court recommends that prejudgment interest not be awarded.

**IV.     Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 18) be GRANTED.

**IT IS FURTHER RECOMMENDED** that default judgment be entered in favor of Plaintiff Yancy T. Buck and against Defendant Lakeview Mediation Solutions, LLC.

**IT IS FURTHER RECOMMENDED** that Defendant be ordered to pay Plaintiff $1,000 in statutory damages.

**IT IS FURTHER RECOMMENDED** that Defendant be ordered to pay Plaintiff $4,545 in attorneys' fees.

**IT IS FURTHER RECOMMENDED** that Defendant be ordered to pay Plaintiff $2,430.90 in costs, which does not include the requested interest.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. LR IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 19, 2021

Brenda Weksler
United States Magistrate Judge